**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00121-KDB-DCK**

| | |
|---|---|
| **CESSERNA LAVERNE GARNER,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**LOWES RDC 0960,**<br><br>    **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Lowe's RDC 0960's ("Lowe's")[1] Motion to Dismiss (Doc. No. 9). Plaintiff, who is not represented by an attorney, has not responded to the motion; however, the Court has still carefully considered the merits of the motion based on the full record in addition to Lowe's memorandum of law in support of its motion. For the reasons discussed below, the Court will **GRANT** the motion.

## I.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012). A complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss

---

[1] Lowes RDC 0960 is the regional distribution center where Plaintiff works for Lowe's Home Centers, LLC. The Court will simply refer to the Defendant as "Lowe's" for the purposes of this Order.

1

under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). Further, a court is not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *see also Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 984 n.1 (D. Md. 2002) ("When the bare allegations of the complaint conflict with any exhibits or documents, whether attached or adopted by reference, the exhibits or documents prevail") (citing *Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1465 (4th Cir. 1991)); *Sec'y of State for Defense v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007).

Also, in reviewing Defendant's motion, the Court is mindful that *pro se* filings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Plaintiff's *pro se* status does not relieve her of the burden of sufficiently stating a viable legal claim under the circumstances she has alleged.

## II.      FACTS AND PROCEDURAL HISTORY

Plaintiff  Cesserna Garner is an employee of Lowe's Home Centers, LLC. She began  her employment with Lowe's in August 2005 as a forklift operator at the Lowe's Regional Distribution Center in Statesville, North Carolina. (Doc. No. 1 at 3-4.)  She alleges that she was

2

an excellent worker who was a "7 year Platinum Performer." In January 2021, Ms. Garner applied for the Sweeper Machine Operator job, which was an open position in the "utility" department that had been held for many years by a retiring white male employee. Ms. Garner was selected for the sweeper machine position because of her seniority, but was disappointed when she was told by "Brandon" (a white male "Coach over the Utility Department") that he "was making changes in the Utility Department" and that the sweeper job was going "in a full rotation." That is, the employees responsible for doing the sweeper machine job would also be required to do other tasks including "to do trash." Thereafter, sometime prior to February 22, 2021, Ms. Garner alleges that she suffered a back injury doing the trash portion of her job.

Plaintiff alleges that her back injury was the result of the "Discrimination and Unfair Treatment [she] was subjected to … by being denied the open Sweeper job." Liberally construing the Complaint in the light most favorable to Ms. Garner, the Court interprets this allegation as contending that even though she was (in part) given the sweeper machine job, she was denied the opportunity to hold the sweeper machine job as a single assignment as it had been previously performed by a white male employee. Further, Ms. Garner alleges that she was the first female in the utility department to be required to work "a full rotation" and that white females in the utility department were not assigned trash duty. Finally, Ms. Garner asserts that as of January 25, 2021 she had not been trained on the sweeper machine.

Ms. Garner filed an EEOC complaint about these issues on May 20, 2021 and subsequently received a right to sue letter from the agency. She then timely filed this action asserting a claim against Lowe's for violation of Title VII of the Civil Rights Act of 1964, specifically complaining that Lowe's subjected her to "unequal terms and conditions of employment" and "discrimination by race and gender."

3

## III. DISCUSSION

To state a claim for race or sex discrimination, Plaintiff must allege that: (1) she is a member of a protected class; (2) she had satisfactory job performance; (3) Lowe's subjected her to an adverse employment action; and (4) Lowe's treated similarly situated employees outside of her protected class more favorably than Plaintiff was treated. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Lowe's challenge to the Complaint relates only to the third requirement. It claims Ms. Garner has failed to establish that she has suffered "an adverse employment action" as defined under Title VII. While Ms. Garner may well have preferred that the sweeper machine operator job remain a single assignment, Lowe's decision to "make changes in the Utility Department," including putting the sweeper machine operator job in a rotation with other jobs, does not constitute an adverse employment action. Therefore, Ms. Garner has failed to state a viable claim for either race or gender discrimination.

"[An] adverse employment action is 'an absolute precondition' to an employment discrimination suit." *Batten v. Grand Strand Dermatology, LLC*, No. 4:18-cv-0616-MGL-TER, 2019 WL 9667692, at *6 (D.S.C. Dec. 20, 2019) (quoting *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985)). However, not every personnel decision constitutes an adverse employment action for purposes of a discrimination claim. *Thorn v. Sebelius*, 766 F. Supp. 2d 585, 599 (D. Md. 2011), *aff'd*, 465 F. App'x 274 (4th Cir. 2012) ("[N]ot everything that makes an employee unhappy is actionable adverse action."). Rather, an adverse employment action is explicitly limited to those actions that affect employment or alter the conditions of the workplace. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006).

In other words, an alleged discriminatory act must "adversely affect[ ] the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487

F.3d 208, 219 (4th Cir. 2007) (internal quotation omitted); *Wilson v. City of Chesapeake*, 290 F. Supp. 3d 444, 457 (E.D. Va.), *aff'd,* 738 F. App'x 169 (4th Cir. 2018). In the typical case for employment discrimination, an adverse employment action comes in the form of "an ultimate employment decision," i.e. hiring, firing, demotion, or nonselection for promotion. *See Peary v. Goss*, 365 F.Supp.2d 713, 722 (E.D. Va. 2005) (citing *Von Gunten v. Maryland*, 243 F.3d 858, 865 (4th Cir. 2001), *rev'd on other grounds, Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). But less severe action may qualify as an adverse employment action if it "adversely affected 'the terms, conditions, or benefits' of the plaintiff's employment." *Von Gunten*, 243 F.3d at 865 (citing *Munday v. Waste Mgmt. of North America, Inc.*, 126 F.3d 239, 242 (4th Cir. 1997)).

Simply because an employee finds a decision by her employer unappealing does not make that decision a qualifying adverse employment action. For instance, a reassignment to a different department or to different job duties typically does not amount to an adverse employment action. *See Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) ("The mere fact that a new job assignment is less appealing to the employee [] does not constitute adverse employment action.") (citation and internal quotations omitted). Further, a delay in training – without any allegation of how it significantly impacted the employee – similarly would be unlikely to be considered an adverse employment action. *See, e.g., Jensen-Graf v. Chesapeake Emp'rs' Ins. Co.*, 616 F. App'x 596, 598 (4th Cir. 2015) (denial of training course not adverse action when plaintiff pled no facts indicating whether course was required for her professional development or showing how she was harmed by denial).

In this action, Ms. Garner has clearly alleged that she was unhappy (and perhaps understandably so) with Lowe's decision to make changes in the sweeper operator position that required her to perform trash duty, which in turn led to a back injury. However, under the well-

established Title VII principles and precedents discussed above, requiring employees who run the sweeper machine to also perform other tasks in a "rotation" does not, as a matter of law, constitute an adverse employment action. Similarly, Plaintiff's allegations that her training on the sweeper machine was delayed does not establish an adverse employment action. Therefore, Ms. Garner has failed to state a claim under Title VII.[2]

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 9) is **GRANTED**; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 4, 2022

Kenneth D. Bell
United States District Judge

---

[2] To be clear, if Plaintiff had alleged, which she has not, that black employees were subjected to disparate treatment because only black employees were required to perform trash duty or that Lowe's changes in the Utility Department only disadvantaged black or female employees then her claims would require additional scrutiny. However, as plead, Plaintiff's allegations fail to state a claim for the reasons discussed.

6